

# THE ATTORNEY GENERAL
## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

December 8, 1949

Hon. Moyne L. Kelly
Executive Director
Board for Texas State
Hospitals and Special Schools
Austin, Texas

Opinion No. V-956.

Re: The agency vested with
authority to appoint
the Superintendent of
the Confederate Women's
Home.

Dear Sir:

We quote from your inquiry as follows:

"Recently we have had one of our Superintendents of a State Institution to pass away; namely, Mrs. Susie Peale Butler of the Confederate Woman's Home here in Austin.

"There has been some discussion backwards and forward between the Governor's Office, Mr. Claud Gilmer, Chairman of this Board, myself and applicants for this position as to who was to make the appointment to this vacancy. The Governor's Office has accepted the status of House Bill 1, 51st Legislature, which seems to give the power of appointment of this position to this Board.

"Mr. Claud Gilmer and I are not sure of this status so we would like an opinion from your Department at an early date concerning the law governing the appointment of the Superintendent of the Texas Confederate Women's Home at Austin, Texas."

Section 1 of Article 3174b, Vernon's Civil Statutes (H.B.1, 51st Leg.) provides for the creation of the Board for Texas State Hospitals and Special Schools. Section 3 reads in part:

"The term 'Texas State Hospitals and Special Schools' . . . shall mean The Austin State Hospital, Austin State School, Austin State School Farm Colony, The Confederate Home for Women, The Texas Confederate Home for Men, The Texas Blind, Deaf and Orphan

School, The Texas School for the Blind, the
Texas School for the Deaf, and the State
Dairy and Hog Farm, all located in or adja-
cent to the City of Austin, Texas . . . (Em-
phasis added)

Section 2 of Article 3175b provides in part:

". . . Effective September 1, 1949, the con-
trol and management of, and all rights, pri-
vileges, powers, and duties incident thereto
. . . which are now vested in and exercised
by the State Board of Control shall be trans-
ferred to, vested in, and exercised by the
Board for Texas State Hospitals and Special
Schools. Provided, however, that the Board
of Control shall continue to handle purchases
for such institutions . . ." (Emphasis added)

At the time House Bill 1 was enacted, the Con-
federate Home for Women was an eleemosynary institution
subject to the powers of the State Board of Control un-
der Article 3219 V.C.S. This statute provides in part:

". . . The Board shall appoint a super-
intendent for the Confederate Woman's Home,
with the approval of the Governor."

By virtue of the underscored provisions of Sec-
tion 2 of Article 3174b, considered in connection with
Article 3219, the authority to appoint the superintendent
of the Confederate Home for Women is vested in the Board
for Texas State Hospitals and Special Schools, subject
to the approval of the Governor.

In its opinion No. V-929, this office held that
the State Board of Control is the appointing authority as
to the superintendents of the Texas School for the Blind
and the Texas School for the Deaf. But that holding was
required by the provisions of House Bill 370, 51st Leg-
islature, which was enacted later than House Bill 1.
House Bill 370 has no relevancy with respect to the ap-
pointment of the superintendent for the Confederate Home
for Women.

## SUMMARY

The Board for Texas State Hospitals and
Special Schools is vested with the authority

to appoint the superintendent of the Confederate Home for Women, subject to the approval of the Governor.  Art.3174b, Sec.2 and Art.3219, V.C.S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant

CEO:mw

APPROVED

*Price Daniel*

ATTORNEY GENERAL